UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-192-F

| ANTHONY L. MCNAIR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| MILTON F. FITCH, JR., | ) |  |
| JOHN E. CLARK, JR., | ) |  |
| KEITH WERNER, and | ) |  |
| JEFFREY A. MARSIGLI, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on the Motion for Reconsideration [DE-14] filed by the *pro se* Plaintiff Anthony L. McNair. Therein, Plaintiff asks the court to reconsider the $350.00 sanction it issued in its June 4, 2013, Order [DE-12].

Plaintiff notes that this court found that the claims he attempted to assert in this action were subject to the Pre-filing Injunction issued by this court in *McNair v. Tarboro Dist. Atty's Office*, No. 5:11CV122-FL, 2011 WL 1743478 (E.D.N.C. May 2, 2011). Accordingly, the court dismissed Plaintiff's claims and additionally sanctioned him $350.00. In the Motion for Reconsideration, Plaintiff questions why the claims in the instant action are subject to the Pre-filing Injunction, but the claims he attempted to assert in *McNair v. Nash County*, 4:12-CV-112-F, were not. Upon further review, the court agrees with Plaintiff that his claims in this action are *not* subject to the Pre-filng Injunction, by virtue of the decision of the North Carolina Court of Appeals in *State v. McNair*, 196 N.C. App. 178, 674 S.E.2d 480, 2009 WL 917564 (N.C. Ct. App. April 7, 2009) (granting Plaintiff a new trial on a habitual felon charge). The court's imposition of the $350.00 sanction was premised

upon the court's belief that the Complaint in this action violated the Pre-filing Injunction; accordingly, Plaintiff's Motion for Reconsideration [DE-14] is ALLOWED.

Although Plaintiff's claims are not subject to the Pre-filing Injunction, they nonetheless still must be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B). Plaintiff seeks redress for alleged violations of 42 U.S.C. § 1985(2) & (3). To state a claim for conspiracy to deny equal protection of the laws under § 1985(3), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal employment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy . . . . Moreover, the law is well settled that to prove a section 1985 "conspiracy," a claimant must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights.

*Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (citations omitted). To meet the requirement of a class-based discriminatory animus, under this section the class must possess the 'discrete, insular, and immutable characteristics comparable to those characterizing classes such as race, national origin, and sex.' " *Buschi v. Kirven*, 776 F.2d 1240, 1257 (4th Cir. 1985) (citation omitted). Moreover, to state " 'conspiracy claims under § 1985(3) or § 1983,' " a plaintiff must " 'plead specific facts in a nonconclusory fashion to survive a motion to dismiss.' " *Simmons*, 47 F.3d at 1377 (quoting *Gooden v. Howard County,* 954 F.2d 960, 969-70 (4th Cir. 1992)).

2

Similarly, to state a claim under the relevant clause[1] of § 1985(2), a plaintiff must allege there was racial or otherwise class-based invidious discriminatory animus behind the conspirators' actions. *See Kush v. Rutledge*, 460 U.S. 719, 725-26 (1986). The other elements of a claim under § 1985(2) include "(1) a conspiracy, (2) to deter testimony by force or intimidation, and (3) injury to the plaintiff." *Glynn v. Impact Science & Tech., Inc.*, 807 F. Supp. 2d 391, 422 (D. Md. 2011) (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994)).

In this case, Plaintiff has set forth only general and conclusory allegations of conspiracy, which do not suffice to state a claim under either § 1985(2) or (3). Moreover, he has failed to allege that the alleged conspirators were motivated by any race or class-based animus. Accordingly, Plaintiff fails to state a claim against these defendants, and the Complaint still must be dismissed as frivolous.

For the foregoing reasons, Plaintiff's Motion for Reconsideration [DE-14] is ALLOWED, and the court's June 4, 2013, Order [DE-12] adopting the M&R in its entirety, and the corresponding Judgment [DE-13] are hereby VACATED. The court finds, upon its *de novo* review, that Plaintiff's claims still must be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915. The Clerk of Court is DIRECTED to enter a new judgment accordingly.

---

[1] The relevant clause is the second portion of 42 U.S.C. § 1985(2), which applies to conspiracies to obstruct justice in state courts, and provides:
> if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws. . . .

The first portion of § 1985(2) applies to federal judicial proceedings, and is not applicable here.

SO ORDERED.    This the 18th day of June, 2013.

                                                                                                 _James C. Fox_
                                                                                                  James C. Fox
                                                                                                  Senior United States District Judge